923 P.2d 403

**Judy RUSSELL and Dennis W. Russell, Plaintiffs–Appellants,**

**v.**

**ATTCO, INC., a Hawai'i corporation, Defendant–Appellee,**

**and**

**John Does 1–5, John Doe Corporations 1–5, John Doe Partnerships 1–5, Roe Non–Profit Organizations 1–5, Roe Governmental Agencies 1–5, Defendants.**

No. 19338.

Supreme Court of Hawai'i.

Sept. 11, 1996.

James Krueger, Peter T. Cahill and John M. O'Neill of Krueger and Cahill, on the briefs, Wailuku, for plaintiffs-appellants.

Kevin S.W. Chee and Maurice K.Y. Danbara of Chee & Markham, on the briefs, Honolulu, for defendant-appellee

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

In this trip and fall case, plaintiffs-appellants Judy Russell (Judy) and Dennis Russell [hereinafter, collectively, the Russells] appeal the judgment of the Second Circuit Court entered in favor of defendant-appellee Attco, Inc. (Attco). The circuit court granted summary judgment in favor of Attco and against the Russells, ruling that the Russells' suit was barred by the two-year statute of limitations applicable to personal injury actions.

On appeal, the Russells argue that the circuit court erred in declining to apply the "discovery rule" to toll the statute of limitations because they had not learned of Attco's identity as the party responsible for their injuries. For the following reasons, we affirm.

## I. *BACKGROUND*

On April 6, 1992, Judy went to the premises of the Hyatt Grand Wailea Resort & Spa [hereinafter, the Grand Wailea] on Maui for a job interview. While walking on the premises, Judy tripped and fell over a black plastic protective liner laid on a walkway by Attco, whose employee was transporting equipment into an adjacent ballroom. As a result of the fall, Judy suffered injuries to her right knee, hip, and hand.

Judy alleges that, at the time of the accident, she was unaware of who had placed the black plastic liner on the ground and that no one from the Grand Wailea or any other source informed Judy who was responsible for the liner. The Grand Wailea's security personnel prepared a report, which was not provided to Judy until December 1994. Judy alleges that it was not until she received the report that she learned that Attco was responsible for the liner. Attco alleges that Judy was told by a witness to her accident, Grand Wailea Food and Beverage's (F & B) Assistant Director, Martin Sherman, that the black plastic liner was placed on the ground by Attco.[1]

On April 7, 1994, two years and one day after the accident, the Russells filed suit against Hyatt Corporation, TSA Management Co., Ltd., TSA International, Ltd., Grand Wailea Resort, Inc., Grand Wailea Co. [hereinafter, collectively, Hyatt], and various "Doe" Defendants. Hyatt moved for summary judgment, asserting that the Russells' action was time-barred by Hawai'i Revised Statutes (HRS) § 657-7 (1993),[2] which prescribes the two-year statute of limitations applicable to tort actions. The circuit court held a hearing on Hyatt's motion on March 9, 1995, at which time the court orally ruled that it would grant Hyatt's motion.

On March 13, 1995, after the hearing on Hyatt's motion for summary judgment, but before the written order granting summary judgment in favor of Hyatt was filed, the Russells attempted to identify and name Attco as a "Doe" Defendant.[3] On the same day, the Russells also moved for leave to file a first amended complaint (motion for leave), pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 15,[4] to add Attco as a defendant.

While the motion for leave was pending, the Russells filed a separate action against Attco on March 31, 1995, almost three years after Judy's accident. On April 6, 1995, the

---

1. The Hyatt security report, dated April 6, 1992 and prepared by Hyatt's Security Officer, Cordell Chang, contains a "witness statement" that provides:

> F & B assistant director Martin Sherman stated he was by the group entrance when heard a thump. He said he turned around and saw Mrs. Russell on the floor. He stated he ran up to her and asked her if she was okay. He said she told him "give me a minute" and then she stood up on her own. He asked her again are you sure you're okay? She told him it hurts a little, but I think I'll be okay. She told him she had tripped on the black plastic liner she was standing on. He stated the plastic liner was put down on the floor by the Attco company who were transporting equipment into the ballroom. He stated Mrs. Russell told him she was going to the human resources office. He stated he gave her directions how to get there and told her to call him if she need [sic] help. He told her to call the hotel operator and ask for Mr. Sherman.

2. HRS § 657-7 (1993) provides:

> **Damage to persons or property.** Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13.

3. The Russells' attempt to identify Attco was not filed in the circuit court record.

4. HRCP Rule 15 provides in pertinent part that:

> A party may amend his [or her] pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he [or she] may so amend it at any time within 20 days after it is served. Otherwise a party may amend his [or her] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

written order granting Hyatt's motion for summary judgment was filed in the Russells' action against Hyatt. By order filed on April 11, 1995, the circuit court denied the Russells' motion for leave to file a first amended complaint in their suit against Hyatt.

In the separate action against Attco, Attco moved for summary judgment, asserting, *inter alia*, that the Russells' action against it was time-barred by HRS § 657–7.[5] The circuit court granted Attco's motion by order filed October 4, 1995, and this timely appeal followed.

## II. *STANDARD OF REVIEW*

It is well settled that:

We review [a] circuit court's award of summary judgment *de novo* under the same standard applied by the circuit court. *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 104, 839 P.2d 10, 22, *reconsideration denied*, 74 Haw. 650, 843 P.2d 144 (1992) (citation omitted). As we have often articulated,

> [s]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law.

*Id.* (emphasis added) (citation and internal quotation marks omitted); *see* [HRCP] Rule 56(c) (1990). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Hulsman v. Hemmeter Dev. Corp.*, 65 Haw. 58, 61, 647 P.2d 713, 716 (1982) (citations omitted).

*Hays v. City and County of Honolulu*, 81 Hawai'i 391, 392–93, 917 P.2d 718, 719–20 (1996) (quoting *Maguire v. Hilton Hotels Corp.*, 79 Hawai'i 110, 112, 899 P.2d 393, 395 (1995)).

## III. *DISCUSSION*

A. *The "Discovery Rule" Should Not Prevent the Running of a Statute of Limitations Where All that Has Not Been "Discovered" by a Plaintiff Is the Identity of the Defendant.*

■ The Russells essentially argue that the circuit court erred in declining to apply the "discovery rule" in the present case because, they contend, a cause of action accrues only when the claimant determines the identity of the wrongdoer who caused the harm to the claimant. We disagree.

Recently, in *Hays*, we reiterated the well-established formulation of the "discovery rule" in Hawai'i, which provides that "the limitations period under HRS §§ 657–7 and 657–7.3 begins to run at the moment plaintiff discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter." *Hays*, 81 Hawai'i at 396, 917 P.2d at 723 (citation, internal quotation marks, and brackets omitted). We further noted that "the discovery rule prevents the running of the statute of limitations until the plaintiff has knowledge of those *facts* which are necessary for an actionable claim before the statute begins to run." *Id.* at 398, 917 P.2d at 725 (citation, brackets, and quotation marks omitted) (emphasis in original).

In *Hays*, the plaintiff, Hays, was seriously injured when he dove off a rock protruding into shallow water at the beach and struck his head on the ocean bottom. Hays did not bring suit against the City and County of Honolulu (the city) for his injuries until seven years after the accident, alleging that he was unaware that he had a cause of action until he saw a television news program about a similarly injured person who had recovered a substantial judgment in a tort suit against the city. The circuit court granted summary judgment in favor of the city on the ground that the two-year statute of limitations prescribed by HRS § 657–7 barred his action, and the "discovery rule" did not apply. We affirmed and held that:

> Hays maintains that, until he saw the news program and contacted his attorney, he did

5. *See supra* note 2.

not know: (1) the city's negligent act or omission; and (2) the connection between the city's negligent act or omission and his injury. We disagree for three principal reasons.

First, in actuality, it is not the city's negligent act or the connection between the city's negligent act and his injury that Hays did not "discover" prior to the filing of his complaint, but rather the presence of a *legal duty* on the part of the city to warn him of dangerous conditions on city-controlled beaches. . . .

. . . .

Second, the facts of the present case are readily distinguishable from other factual situations in which both this court, as well as federal courts interpreting Hawai'i law, have previously applied the discovery rule. In the present case, the alleged deficiencies in Hays's knowledge regarding both the city's negligent act or breach of duty and the causal connection between the city's negligent act or breach and his injury, do not stem from: (1) Hays's inability to ascertain the necessary factual foundation upon which to base the elements of his negligence claim, such as lacking specialized medical knowledge, *see, e.g., Yoshizaki [v. Hilo Hospital,]* 50 Haw. [150,] 150, 433 P.2d [220,] 221 [ (1967) ] (plaintiff unaware that first physician's diagnosis incorrect until receipt of treatment from second physician for condition stemming from treatment pursuant to first diagnosis); *Jacoby [v. Kaiser Found. Hosp.,]* 1 Haw.App. [519,] 520–21, 622 P.2d [613,] 614–15 [ (1981) ] (plaintiff unaware that second ailment causally related to treatment for first condition until she sought treatment for second ailment); (2) an alleged concealment of facts regarding the cause of his injuries, *see, e.g., Yamaguchi [v. The Queen's Medical Center,]* 65 Haw. [84,] 87, 648 P.2d [689,] 691 [ (1982) ] ("Appellant's principal contention on appeal is that the statute of limitations was tolled by appellees' (essentially the hospital's) failure to disclose information of alleged acts of negligence constituting the basis of his claim, or at least that an issue of material fact concerning appellees' concealment of incriminating information re-

mained, precluding summary judgment."); or (3) inherent difficulties in the nature of the injury or the causal relationship between the negligent act and the injury, such as technological, scientific, or medical limitations. *See, e.g., In re Hawaii Federal Asbestos Cases,* 734 F.Supp. 1563, 1566 (D.Hawai'i 1990) ("Many . . . claims of injury [from asbestos exposure] are based on subjective declarations of shortness of breath, tiredness and general lassitude. X-rays may or may not show the presence of asbestos-induced changes in the lung. Even many forms of pulmonary analysis are not definitive in measuring impairment. . . . All of the above indicates a need for some form of easily verifiable standard for determining whether an 'injury' exists and when such injury warrants an award of compensation." (Footnotes omitted)). . . . As *Yamaguchi* provides, the discovery rule prevents the running of the statute of limitations "until [the] plaintiff [has] knowledge of those *facts* which are necessary for an actionable claim before the statute begins to run.". . .

Finally, . . . application of the discovery rule to delay the start of the limitations period applicable to Hays's claim in the present case would effectively subvert HRS §§ 657–7 and 662–4 and, very likely, all statutes of limitation in general.

*Id.* at 396–98, 917 P.2d at 725–27 (emphasis in original).

Similarly to *Hays,* in the present case, it is not the negligent act, the damage, or the causal connection between the former and the latter that the Russells failed to "discover" prior to the filing of their complaint in the present case; all that the Russells were unaware of was the party who placed the black plastic liner, over which Judy tripped, onto the ground. This is confirmed by the fact that the Russells brought suit for the same injuries stemming from the same incident in a separate suit against Hyatt, and, in fact, attempted to name Attco as a party to that suit. The Russells' cause of action therefore accrued on the date of the accident, when the Russells' awareness of the facts necessary for an actionable claim coalesced, that is, when they realized that the place-

ment of the liner caused Judy to trip, fall, and sustain injuries.

Moreover, also similarly to *Hays,* not only is the present case factually distinguishable from previous instances where this court's application of the discovery rule resulted in the tolling of the statute of limitations, *see Hays,* 81 Hawai'i at 397–98, 917 P.2d at 725–26, but application of the discovery rule so as to toll the statute of limitations in the present case would also likely subvert HRS § 657–7 and all statutes of limitation in general. Such an application of the discovery rule in the present case effectively would allow plaintiffs to gain respite from the limitations period prescribed by HRS § 657–7 by filing a separate action against a defendant whose identity had theretofore allegedly been unknown, despite the fact that they had filed an action for the same damages stemming from the same incident against other defendants and had also named several "Doe" defendants. We therefore decline to hold that the application of the discovery rule results in the delaying of the accrual of the Russells' cause of action, thereby tolling the statute of limitations in the present case. As we noted in *Hays,* "[a] party must exercise reasonable diligence in pursuing a claim. If a plaintiff fails to exercise such diligence in a timely manner, the cause of action should be barred by the statute of limitations." *Hays,* 81 Hawai'i at 398, 917 P.2d at 725 (citation omitted).

B. *The Proper Means of Preserving a Claim Against an As–Yet Unidentified Defendant Is Through the Use of "Doe" Defendants.*

■ HRCP Rule 17(d) sets out a procedure by which a cause of action may be brought against an unidentified defendant. HRCP Rule 17(d) provides:

**(d) Unidentified Defendant.**

(1) When it shall be necessary or proper to make a person a party defendant and the party desiring the inclusion of the person as a party defendant has been unable to ascertain the entire name of the defendant or a part of his [or her] name to ascertain his [or her] identity, the party desiring the inclusion of the person as a party defendant shall in accordance with the criteria of Rule 11 of these rules set forth in a pleading the person's interest in the action, so much of his [or her] name as is known (and if unknown, a fictitious name shall be used), and shall set forth with specificity all actions already undertaken in a diligent and good-faith effort to ascertain the person's full name and identity.

(2) Subject to HRS section 657–22,[6] the person intended shall thereupon be considered a party defendant to the action, as having notice of the institution of the action against him [or her], and as sufficiently described for all purposes, including services of process, and the action shall proceed against him [or her].

(3) Any party may, by motion for certification, make the name or identity of the party defendant known to the court within a reasonable time after the moving party knew or should have known the name or identity of the party defendant. The motion shall be supported by affidavit setting forth all facts substantiating the movant's claim that the naming or identification has been made with due diligence. When the naming or identification is made by a plaintiff, it shall be made prior to the filing of the pretrial statement by that plaintiff, or within such additional time as the court may allow. The court shall freely grant reasonable extensions of the time in which to name or identify the party defendant to any party exercising due diligence in attempting to ascertain the party defendant's name or identity.

(4) When a party defendant has been named or identified in accordance within this rule, the court shall so certify and may make any order that justice requires to protect any party from undue burden and expense in any further proceedings involving the party defendant.

6. HRS § 657–22 (1993) provides:

**When process not commencement.** Upon any such matter being established, or upon its appearance in any other way that any process was issued without any intent that it should be served, the process shall not be deemed the commencement of an action within the meaning of this part or section 663–3.

(5) A party defendant who has been named or identified in accordance with this rule may have dismissal of one or more claims against him [or her] if he [or she] shows in a timely manner that the delay in naming or identifying him [or her] has caused him [or her] substantial prejudice and if the interests of justice so require.

In *Tobosa v. Owens,* 69 Haw. 305, 312–13, 741 P.2d 1280, 1285 (1987), we noted that "[a] primary purpose of [HRCP Rule 17(d) ] is to toll the statute of limitations with respect to Doe defendants who cannot be identified prior to the running of the statute[.]" (Citation and quotation marks omitted.) *See also Wakuya v. Oahu Plumbing & Sheet Metal, Ltd.,* 65 Haw. 592, 596, 656 P.2d 84, 88 (1982) ("We agree with the intermediate court of appeals that Rule 17(d) does toll the statute of limitations with respect to Doe defendants who cannot be identified prior to the running of the statute [of limitations]."); *Kleinjans v. Lombardi,* 52 Haw. 427, 435, 478 P.2d 320, 325 (1970) ("[HRCP] Rule 17(d), by requiring a description of the defendant's interest in the action, ensures that a person receiving the complaint will have sufficient notice that he [or she] is the defendant intended."). Therefore, in cases such as the present case, where the only deficiency in the plaintiff's knowledge regarding a cause of action is the identity of other potentially responsible parties, HRCP Rule 17(d) provides a method by which the statute of limitations may be tolled relative to a claim against the as-yet unidentified defendants.

However, the Russells cannot benefit from HRCP 17(d) in the present case because, although they named "Doe" defendants pursuant to HRCP Rule 17(d) when they initially brought suit against Hyatt, the suit against Hyatt was itself barred by the statute of limitations, having been filed two years and one day after the date of the accident, when the Russells' cause of action accrued. Therefore, the Russells' attempt to name Attco as a "Doe" defendant in their suit against Hyatt was to no avail because the entire suit was time barred.

In view of our holding regarding the statute of limitations, we need not reach Attco's arguments regarding the preclusive effect of the circuit court's decisions in the Russells' suit against Hyatt.

## IV. CONCLUSION

Based on the foregoing, the judgment of the circuit court is affirmed.