**Rome M. GUILLERMO and Patricia E. Guillermo, Plaintiffs,**

v.

**HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, Defendant.**

**No. CV. 96–01242DAE.**

United States District Court, D. Hawaii.

Dec. 9, 1997.

---

Leslie S. Fukumoto, Tanaka & Fukumoto, Honolulu, HI, for Plaintiffs.

Paul B. Shimomoto, Ashford & Wriston, Honolulu, HI, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

DAVID ALAN EZRA, District Judge.

The court heard Defendant's Motion on December 8, 1997. Leslie S. Fukumoto, Esq., appeared at the hearing on behalf of Plaintiff; Paul B. Shimomoto, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Defendant's Motion for Partial Summary Judgment as to Counts III and IV of Plaintiffs' Complaint.

### BACKGROUND

On February 3, 1986, Plaintiff Patricia Guillermo ("P. Guillermo") completed an application for a life insurance policy with $50,000 of coverage from Defendant Hartford Life & Accident Insurance Co. ("Hartford"), listing Plaintiff Rome Guillermo ("R. Guillermo") as beneficiary. R. Guillermo was an employee of the Hawaii office of Hartford at the time of the application. The policy purchased by P. Guillermo was paid through salary deductions from R. Guillermo's paycheck. P. Guillermo's policy was later terminated for non-payment.

R. Guillermo stated, in his response to interrogatories that he made a telephone call to Hartford in December 1992, and was told that the policy had been terminated. Exhibit 1 at 2, Hartford's Motion. On April 12, 1993, Hartford's National Service Center informed P. Guillermo in writing that her policy had lapsed for non-payment of premiums. After Plaintiffs requested more information from Hartford regarding this matter, on March 17, 1994, Hartford sent a letter to Plaintiffs informing them that if they wanted to purchase coverage for P. Guillermo, she should com-

plete an application for a new "solution policy."

On December 31, 1996, Plaintiffs filed their Complaint alleging claims for breach of contract, unfair and deceptive trade practices, negligent and/or intentional infliction of emotional distress and tortious breach of implied covenant of good faith and fair dealing.

On September 29, 1997, Hartford filed the instant motion for partial summary judgment as to Counts III and IV of Plaintiffs' Complaint. Plaintiffs filed their Opposition on November 29, 1997, and Hartford timely replied.

### STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides for summary judgment when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The movant bears the initial burden of "identifying ... those portions of the material on file that it believes demonstrates the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). If the movant has met its burden, then "the non-moving party must show that there are 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be in favor of either party.'" *California Architectural Bldg. Prod. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). When the "evidence" produced by each side conflicts, "the judge must assume the truth of the evidence set forth by the opposing party with respect to that fact." Inferences from the facts, disputed and undisputed alike, must be drawn in the light most favorable to the opposing party. *T.W. Elec.,* 809 F.2d at 631. These genuine factual issues must be supported by significant probative evidence. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 282 (9th Cir.1979). Hence, the non-moving party may not stand on its pleadings or merely assert it will controvert the movant's evidence at trial. *See T.W. Elec.,* 809 F.2d at 630. Simple disagreement about a material issue of fact, therefore, no longer precludes the use of summary judgment. *California Architectural Bldg. Prod.,* 818 F.2d at 1468.

### DISCUSSION

I. *Statute of Limitations as to Count III, Negligent/Intentional Infliction of Emotional Distress.*

Hartford contends that Count III of Plaintiffs' Complaint must be dismissed as a matter of law because the statute of limitations ran prior to the filing of this lawsuit on December 31, 1996.

The statute of limitations for a claim for negligent/intentional infliction of emotional distress is governed by Hawaii state law. Hawaii Revised Statute § 657–7 is the relevant statute of limitations for personal injury claims. Negligent and intentional infliction of emotional distress claims are personal injury claims, and therefore fall within the limits outlined in H.R.S. § 657–7. *Ellison v. Northwest Airlines, Inc.,* 938 F.Supp. 1503, 1515 (D.Haw.1996); *Linville v. Hawaii,* 874 F.Supp. 1095, 1104 (D.Haw. 1994). Section 657–7 states that "an action for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued." H.R.S. § 657–7 (1995). A cause of action accrues when "the plaintiff knew or should have known" of the causal connection between the defendant's action and the damage done. *Hays v. City and County of Honolulu,* 81 Hawai'i 391, 393, 917 P.2d 718, 720 (1996). This is known as the "discovery rule," and it applies to the statute of limitations period articulated in H.R.S. § 657–7. *Russell v. Attco, Inc.,* 82 Hawai'i 461, 463, 923 P.2d 403 (1996).[1]

---

**1.** Plaintiffs argue that the statute of limitations

did not begin to accrue until after Plaintiffs filed

R. Guillermo admits that he was aware that Hartford had terminated P. Guillermo's policy in December of 1992, when he called Hartford to inquire about the policy. As mentioned above, on April 12, 1993, Hartford forwarded a letter to Plaintiffs informing them that R. Guillermo's policy was still in effect, but that P. Guillermo's policy had been terminated due to non-payment of the premiums. Exhibit 3, Hartford's Motion. In that letter, P. Guillermo was also informed that reinstatement opportunities were unavailable to her under the policy. *Id.* Thus, at least by April 12, 1993, Plaintiffs were aware of the cancellation of the policy, and their basis for their emotional distress claim. On March 17, 1994, Hartford, in response to inquiry from Plaintiffs, sent another letter to Plaintiffs explaining that if P. Guillermo wanted coverage, that a new "solution policy" should be completed. Exhibit 4, Hartford's Motion. Given these facts, Plaintiffs were aware of the conduct giving rise to their emotional distress claim in December of 1992. The matter was confirmed by two letters, one in April 1993 and the second in March 1994. Thus, Plaintiffs were well aware of Hartford's conduct that eventually caused their injury in 1994.

 However, under the discovery rule, a cause of action accrues when the plaintiff knew or should have known of the causal connection between the defendant's action and the damage done. While it is clear that Hartford's action in terminating the policy was known by Plaintiffs in 1992, it is still unclear when Plaintiffs actually suffered emotional distress, and when they connected their distress with Hartford's actions. Neither party directly addresses this issue in their arguments, nonetheless, the declarations submitted by Plaintiffs contain a paragraph discussing their emotional distress injuries. Plaintiffs allege that

[w]hile we did have some concerns over Defendant's action in alleging that my wife's policy was terminated effected in 1986, it was not until Defendant refused to retract its position in response to our Attorney's letter that severe emotional and mental injury ... began to occur to myself and my wife; our claims for these type of injuries are tied in to, and directly related to, our decision that Defendant breached its agreement by refusing to correct its action after our attorney's letter was sent and we decided to file a lawsuit immediately rather than wait until my wife died and see if the policy would be honored.

Declaration of Rome Guillermo at ¶ 14. Thus, there is an unresolved factual issue as to when Plaintiffs were aware, or should have been aware of the injuries that resulted because of Hartford's alleged breach. To decide this issue, the court would have to make a credibility determination as to the evidence, this is not proper on summary judgment. Accordingly, the court DENIES summary judgment based upon statute of limitations, and finds that a triable issue of facts exists as to when Plaintiffs allegedly knew of the causal connection between their emotional distress and Hartford's actions.[2]

## II. *Negligent Infliction of Emotional Distress and the Physical Injury Requirement.*

Hartford maintains that because Plaintiffs have not asserted any physical injury as a result of Hartford's actions, a claim for negligent infliction of emotional distress cannot stand as a matter of law.

 Plaintiffs, on the other hand, provide declarations which explain that they have suffered physical injury. Plaintiffs assert that they suffered "severe emotional and

---

their complaint, or after they retained counsel and sent a demand letter. Plaintiffs' Opp. at 6. The court finds these arguments disingenuous. Plaintiffs make a cryptic argument that the statute of limitations in this action is governed by the statute for breach of contract or anticipatory repudiation. Plaintiffs fail to realize that while the claims for negligent and intentional infliction of emotional distress may be based upon the same underlying facts as the breach of contract claim, they are tort claims separate and distinct

from the breach itself. Therefore, the court will not discuss these arguments further.

**2.** Because the court denies summary judgment on statute of limitations grounds, finding that a triable issue of fact exists, the court need not consider Plaintiffs' allegations that the statute was tolled because claims for emotional distress in the insurance context are continuous torts.

mental injury (including but not limited to increased hypertension, depression, distress, worry, headaches, fear of death and of abandoning my family and leaving them in a financial bind, etc.).'' Declaration of Patricia Guillermo at ¶ 12; *see also* Declaration of Rome Guillermo at ¶ 12. Aside from these assertions in Plaintiffs' declarations, there are no other references to their physical injury. However, this is sufficient to create a triable issue of fact. The court is not authorized, nor would it be proper, to judge the credibility of the evidence presented by Plaintiffs.

■ Hartford is correct that under Hawaii law, a claimant generally cannot recover for negligent infliction of emotional distress if there is no physical injury, and that generally the claim is permitted only when there is some physical injury to property or a person as a result of the defendant's conduct. *Ross v. Stouffer Hotel Company*, 76 Hawai'i 454, 465, 879 P.2d 1037, 1048 (1994) (quoting *Chedester v. Stecker*, 64 Hawai'i 464, 468, 643 P.2d 532, 535 (1982)). Nevertheless, Plaintiffs here have alleged physical injury, and have provided affidavits to support their allegations. Thus, there exists a triable issue of fact regarding whether Plaintiffs actually suffered physical injury as a result of their emotional distress and Hartford's conduct. Finding this, the court DENIES Hartford's Motion for Summary Judgment on Plaintiffs' claim for negligent infliction of emotional distress.

### III. *Count IV, Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing.*

■ Plaintiffs assert a cause of action against Hartford for breach of the implied covenant of good faith and fair dealing. Hartford now contends that this claim is barred by the two-year statute of limitations governing damage to persons and property, Hawaii Revised Statutes § 657–7.

Unfortunately, the Hawaii Supreme Court has not yet had the opportunity to address the appropriate statute of limitations for claims alleging breach of the implied covenant of good faith and fair dealing. Just last year in *Best Place, Inc. v. Penn America Ins. Co.*, 82 Hawai'i 120, 132, 920 P.2d 334, 346 (1996), the Hawaii Supreme Court first recognized the tort for breach of the covenant of good faith and fair dealing in the insurance context. The court there determined that the breach of the duty of good faith and fair dealing is separate and distinct from a claim for tortious breach of contract. *Id.* "[T]he tort of bad faith ... results from the breach of a duty imposed as a consequence of the relationship established by contract." *Id.* (Internal quotations and citations omitted).[3]

Hartford contends that "[s]ince Plaintiffs' claim for bad faith is a *tort* cause of action, it is subject to Hawaii's two year statute of limitations under HRS Section 657–7, and it is time-barred." Hartford's Motion at 10. The court disagrees. Although a claim for bad faith is a tort cause of action separate from a breach of contract claim, the two-year statute of limitations does not per se apply. In *Au v. Au*, 63 Hawai'i 210, 263, 626 P.2d 173 (1981), the Hawaii Supreme Court held that to determine the relevant statute of limitations period for a claim, a court must look to the nature of the claim or right, which is determined by looking at the allegations contained in the pleadings. Hawaii Revised Statutes § 657–7 governs claims based upon personal injury or property damage, a claim for bad faith does not fit neatly into either of these categories. Hartford argues that Plaintiffs' Complaint seeks tort damages for this tort cause of action, and thus that the two year statute of limitations applies. Hartford's Motion at 11. The difficulty here is that the claim is not strictly a tort claim, it is a claim for breach of a covenant or promise implied into the insurance contract, hence also similar to a contract claim. The Hawaii Supreme Court has recognized that certain claims, such as those for tortious breach of

---

3. In *Best Place, Inc.*, the Hawaii Supreme Court noted that the difference between a claim for tortious breach of contract, and breach of the implied covenant of good faith and fair dealing is that "the tort of bad faith allows an insured to recover even if the insurer performs the express covenant to pay claims.'' 82 Hawai'i at 131, 920 P.2d at 345. Tortious breach of contract requires an actual breach of contract.

contract claims, "present a fusion of the doctrines of tort and contract." *Dold v. Outrigger Hotel,* 54 Hawai'i 18, 22, 501 P.2d 368, 372 (1972) (citations omitted). A bad faith claim also presents such a fusion. To find that the claim falls within Hawaii Revised Statute § 657–7, the court would have to find that breach of the implied covenant of good faith and fair dealing is more similar to a claim for personal injury, than a claim based upon contract, and that the court cannot do so.

Hartford points to *Taylor v. State Farm Mutual Automobile Insurance Co.,* 185 Ariz. 174, 913 P.2d 1092 (1996), and *United Department Stores Co. No. 1 v. Continental Casualty Co.,* 41 Ohio App.3d 72, 534 N.E.2d 878 (1987), to support its argument that bad faith, or breach of the implied covenant of good faith and fair dealing should be governed by the statute of limitations articulated in § 657–7, instead of what Hartford calls "the contract" statute of limitations in § 657–1. In *Taylor,* the Arizona Supreme Court held that *third-party* bad faith claims shall be governed by the statute of limitations for torts because the nature of the claim is more like a tort than contract based. 185 Ariz. at 177, 913 P.2d at 1095. However, the court there did not decide what statute of limitations governs *first-party* insurance contracts. In fact, the court noted that Oregon "characterizes a third-party bad faith claim as a tort because it is based on the breach of a fiduciary duty, while the first-party bad faith claim is relegated to the contract arena." *Id.* at n. 4. The claim at issue in the instant case is a first-party bad faith claim.

In *United Department Stores Co.,* the court held that in Ohio a claim for bad faith

is "essentially a tort action and is governed by the four-year statute of limitations for torts." 41 Ohio App.3d at 73, 534 N.E.2d at 880. The court there did not provide any analysis, and instead referred to *Wolfe v. Continental Cas. Co.,* 647 F.2d 705, 707–09 (6th Cir.1981), a diversity case in which the federal court, interpreting state law, held that Ohio's tort for bad faith could not be transformed into a contract action, and therefore was governed by the four-year tort statute of limitations, rather than the fifteen-year statute of limitations applicable to actions in contract. While these cases provide some authority, they are not binding nor directly applicable to the analysis of Hawaii's statutes.[4]

Analysis of Hawaii Revised Statutes § 657–1 and 675–7, leads the court to find that § 657–1(4), the catchall provision rather than the contract provision, is more appropriate for a first-party claim for breach of the implied covenant of good faith and fair dealing. Section 657–7 provides that "[a]ctions for recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after." H.R.S. § 657–7 (1995). While a first-party claim for bad faith is a personal action, it is not one for "personal injury," it is similar to a claim for violation of personal rights. The claim arises out of the contractual relationship that the insured has with the insurer and is essentially based upon a duty of fair dealing that is owed by the insurer to the insured. The court finds, that while this is not a contract claim, and is therefore not governed by § 657–1(1), it is a personal action falling within the confines of § 657–1(4).[5] Section 657–1(4) states:

4. Not cited by Hartford, yet relevant to this issue is the California Supreme Court's decision in *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). In *Foley,* the court held that a breach of the implied covenant of good faith and fair dealing in employment contracts presented a purely contractual claim. 47 Cal.3d at 700–01, 254 Cal.Rptr. 211, 765 P.2d at 401. The Ninth Circuit, sitting in diversity, extended this analysis and held that "breach of the implied covenant of good faith and fair dealing presents a contract claim subject to the four-year statute of limitation applicable to written contracts." *Harrell v. 20th Century In-*

*surance Co.,* 934 F.2d 203, 208 (9th Cir.1991). According to the court in *Harrell,* tort remedies are not available under California law for a breach of the implied covenant of good faith and fair dealing. *Id.* at 207. This is different than remedies available in Hawaii, in *Best Place, Inc.,* the Hawaii Supreme Court found that punitive damages may be appropriate under certain factual situations for bad faith. 82 Hawai'i at 133–34, 920 P.2d at 347. Thus, California law is relevant, although not dispositive of this issue as well.

5. Section 657–1(1) governs the statute of limitations for contract claims. That sections states:

The following actions shall be commenced within six years next after the cause of action accrued, and not after:

. . . .

(4) Personal actions of any nature whatsoever not specifically covered by the laws of the State.

H.R.S. § 657–1 (1995). Federal civil rights actions, which are also personal actions, but are not based upon "personal injury," are governed by this catchall provision in § 657–1(4). *Lai v. City & County of Honolulu,* 749 F.2d 588 (9th Cir.1984). Since there is no element in the cause of action for bad faith that requires a plaintiff to suffer personal injury, the court finds that it is not in reality a cause of action based upon a "personal injury," and that the applicable statute of limitations is six years and is found in the catchall provision of § 657–1.

Here, even if Plaintiffs' cause of action accrued in December 1992, the date they first became aware of the policy termination by Hartford, the statute of limitations would not run until December 1998. Plaintiffs filed their Complaint on December 31, 1996, and therefore brought their claim for breach of the implied covenant of good faith and fair dealing within the proper time period. Consequently, Hartford's Motion for Summary judgment on this claim is DENIED.

### CONCLUSION

For the reasons stated above, the court DENIES Hartford's Motion for Partial Summary Judgment as to Counts III and IV of Plaintiffs' Complaint.

IT IS SO ORDERED.

"[a]ctions for the recovery of any debt founded upon any contract, obligation, or liability."