**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000566
21-MAY-2025
07:50 AM
Dkt. 76 SO

NO. CAAP-22-0000566

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TROY DARNY, Plaintiff-Appellant, v. WAIEA MANAGEMENT
DEVELOPMENT COMPANY, LLC, Defendant/Cross-claim
Defendant/Cross-claimant-Appellee; ASSOCIATION OF
UNIT OWNERS OF 1118 ALA MOANA BOULEVARD,
Defendant/Cross-claimant/Cross-claim Defendant-Appellee;
NORDIC PCL CONSTRUCTION, INC. and WCIT ARCHITECTURE, INC.,
Defendants-Appellees,
and
JANE DOE 1; JOHN DOES 1-10; JANE DOES 2-10; DOE CORPORATIONS
3-10; DOE GOVERNMENT AGENCIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-19-0002305)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Troy **Darny** sued **Nordic** PCL Construction, Inc. and **Waiea**
Management Development Company, LLC for negligently causing him
personal injury. The Circuit Court of the First Circuit
dismissed the claims based on the statute of limitations.[1] Darny
appeals from the June 23, 2023 Final Judgment. We affirm.

Darny sued Waiea on December 12, 2019. Waiea developed
a condominium. On November 23, 2016, Darny was riding in the bed
of a pickup truck, with a large box, being driven in the
condominium's parking structure. The driver negligently caused

_____

[1] The Honorable John M. Tonaki presided.

"the top of the box to strike something in the parking structure, and fall onto [Darny], pinning him between the box and the tailgate."

Darny amended his complaint on June 25, 2020. The amended complaint alleged the pickup truck's driver worked for the condominium's unit owners association (**AOUO**), and added the AOUO as a defendant. A claim that the parking structure was negligently designed and constructed was also added. Darny settled with the AOUO and it was dismissed from the lawsuit. The driver was never named as a defendant.

Nordic was identified as a defendant on March 29, 2022.[2] It moved to dismiss based on the statute of limitations. Waiea joined in the motion. The order granting the motion and joinder was entered on August 29, 2022. Darny appealed. The circuit court entered the Final Judgment on a temporary remand.

Darny contends the circuit court erred by granting Nordic's motion to dismiss because it applied the wrong statute of limitations. Darny's opposition to Nordic's motion included matters outside the pleadings not excluded by the circuit court. We apply the standard of review for summary judgments. Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b).

We review a circuit court's grant of summary judgment de novo using the same standard applied by the circuit court. Hays v. City & Cnty. of Honolulu, 81 Hawaiʻi 391, 392, 917 P.2d 718, 719 (1996). Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Id. at 392-93, 917 P.2d 719-20.

Nordic's motion to dismiss was based on the Hawaii Revised Statutes (**HRS**) §§ 657-7[3] and 657-8[4] two-year statutes of

---

[2]     WCIT Architecture, Inc. was also identified as a defendant, but was dismissed by notice filed on June 3, 2022.

[3]     HRS § 657-7 (2016) provides:

(continued...)

limitations.  During the hearing on Nordic's motion the circuit court stated:

> The Court is going to find that plaintiff did not commence this action against defendants Nordic Construction and Waiea Management within the two-year statute of limitations under HRS Section 657-8.
>
> The plaintiff's injury occurred on November 23rd, 2016.  The complaint was not filed until December 12th, 2019, well over two years after the accident.

A statute of limitations begins to run when the plaintiff's cause of action accrues.  HRS §§ 657-7, -8.  Darny's tort claim accrued when he discovered (or should have discovered) the negligent act, the damage, and the causal connection between the two.  Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc., 115 Hawaiʻi 232, 277, 167 P.3d 225, 270 (2007) (citing Yamaguchi v. Queen's Med. Ctr., 65 Haw. 84, 90, 648 P.2d 689, 693-94 (1982).  He needed only factual knowledge of the elements of an actionable claim; legal knowledge of a defendant's negligence is not required.  Id. (citing Buck v. Miles, 89 Hawaiʻi 244, 249–50, 971 P.2d 717, 722–23 (1999)).

Lack of knowledge of the identity of the proper defendant does not delay the accrual of a claim.  Russell v. Attco, Inc., 82 Hawaiʻi 461, 463-65, 923 P.2d 403, 405-07 (1996).  The way to preserve a claim against an unidentified defendant is through HRCP Rule 17(d) ("Unidentified Defendant").  Id. at 466, 923 P.2d at 408 (citing Tobosa v. Owens, 69 Haw. 305, 312–13, 741 P.2d 1280, 1285 (1987)).

---

[3](...continued)
    Actions for the recovery of compensation for damage or injury to persons . . . shall be instituted within two years after the cause of action accrued, and not after[.]

[4]    HRS § 657-8(a) (2016) provides:

    No action to recover damages for . . . bodily injury . . . arising out of any deficiency or neglect in the planning, design, construction, supervision and administering of construction, and observation of construction relating to an improvement to real property shall be commenced more than two years after the cause of action has accrued[.]

3

On appeal, Darny does not argue that his claims against Nordic and Waiea did not accrue on the date he was injured. He argues he was injured in a motor vehicle accident,[5] to which HRS § 431:10C-315(b)(3) applied.

HRS § 431:10C-315 (2019) provides, in relevant part:

> (b) No suit arising out of a motor vehicle accident shall be brought in tort more than the later of:
>
> . . . .
>
> (3) Two years after the date of the last payment of workers' compensation or public assistance benefits arising from the motor vehicle accident.

Darny submitted a letter from his employer's workers compensation insurer stating that "the last medical payment was made on 10/12/21 and the final settlement check paid to Troy Darny was made on 09/20/19." Thus, the HRS § 431:10C-315(b)(3) statute of limitations would not expire until October 12, 2023. Darny's complaint was filed on December 12, 2019, within the limitations period.

Darny's opening brief states: "This is a personal injury case combining a Motor Vehicle Accident, a Workers' Compensation claim, and a Construction Defect." Different claims for relief arising from one incident may be pleaded together. HRCP Rule 18(a). But if two or more claims arise from an incident, different statutes of limitation could apply to each claim. Au v. Au, 63 Haw. 210, 214, 626 P.2d 173, 177 (1981). The nature of the claim asserted determines the relevant limitations period. Id.

HRS Chapter 431 Article 10C is the Hawaiʻi Motor Vehicle Insurance Law. HRS § 431:10C-101. It has three purposes: (1) create a system of reparations for accidental harm and loss arising from motor vehicle accidents; (2) compensate

---

[5] "Motor vehicle accident" means "an accident arising out of the operation, maintenance, or use of a motor vehicle, including an object drawn or propelled by a motor vehicle." HRS § 431:10C-103 (2019).

4

these damages without regard to fault; and (3) limit tort liability for these accidents.  HRS § 431:10C-102 (2019).

An important component of the Motor Vehicle Insurance Law is the abolition of tort liability.  Under HRS § 431:10C-306 (2019), tort liability of an "[o]wner, operator, or user of an insured motor vehicle" is abolished, unless the injured person receives $5,000 or more in personal injury protection benefits or its equivalent.  To calculate that amount:

> (A)   The following shall be included:
>
> (i)   Personal injury protection benefits incurred by, paid to or payable to, or on behalf of, an eligible injured person including amounts paid directly by or on behalf of the eligible insured because of the accidental harm or similar benefits under . . . worker's compensation[.]

HRS § 431:10C-306(b)(4) (2019).

The $5,000 statutory amount is commonly called the "tort threshold" or "monetary threshold."  See Mobley v. Kimura, 146 Hawaiʻi 311, 313, 463 P.3d 968, 970 (2020) (tort threshold); Savini v. Univ. of Haw., 113 Hawaiʻi 459, 463, 465-66, 153 P.3d 1144, 1148, 1150-51 (2007) (monetary threshold).

> [U]nder Hawaiʻi law, a plaintiff who relies on the medical-expense threshold . . . has no claim at all, and the statute of limitations does not begin to run, until the plaintiff has actually received the requisite amount of "reasonably necessary" medical-rehabilitative treatment, as manifested through bills received or paid.
>
> . . . .
>
> . . . To that end, HRS § 431:10C-315(b) . . . operates in tandem with HRS § 431:10C-306(b), extending the plaintiff's limitation period until unrealized medical expenses have accumulated and the gravity of the plaintiff's injury and, hence, the presence or absence of a claim for which relief can be granted, is ascertainable.

Id. at 465, 466, 153 P.3d at 1150, 1151.

Here, Darny was working when he was injured.  Under HRS § 431:10C-306, he had no tort claim against the pickup truck's driver (or the AOUO under respondeat superior) until he received

$5,000 in workers' compensation benefits.[6]  But HRS § 431:10C-306 did not bar his tort claims against Nordic or Waiea, because those defendants were not an "[o]wner, operator, or user of an insured motor vehicle" involved in Darny's accident.

Darny was injured on November 23, 2016, and he does not contest that was when his tort claims accrued.  His complaint was filed on December 12, 2019 — within the rolling statute of limitations applicable to his claim against the pickup truck's driver and her employer, but after the expiration of the statute of limitations applicable to his claims against Nordic and Waiea. The circuit court did not err by granting Nordic's motion and Waiea's joinder.

The Final Judgment entered by the circuit court on June 23, 2023, is affirmed.

DATED: Honolulu, Hawaiʻi, May 21, 2025.

On the briefs:

E. Daniel Lotenschtein,
for Plaintiff-Appellant.

Kevin S.W. Chee,
Keith K. Kato,
Tara A. Buckley,
for Defendant-Appellee
Waiea Management Development
Company, LLC.

Jeffrey M. Osterkamp,
Darene K. Matsuoka,
for Defendant-Appellee
Nordic PCL Construction,
Inc.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[6]     Under HRS § 431:10C-305 (2019), "personal injury protection benefits shall be paid secondarily and net of any benefits a person is entitled to receive because of the accidental harm from workers' compensation laws[.]"  Cf. In re Maldonado, 67 Haw. 347, 350, 687 P.2d 1, 4 (1984) (acknowledging workers compensation is primary and no-fault is secondary for wage loss under former HRS § 294-5 (1978)).