JOSEPH TARNOWSKY *v.* PETER SOCCI ET AL.
(AC 22905)

Foti, Schaller and Peters, Js.

Argued November 21, 2002—officially released March 18, 2003

*Brenden P. Leydon,* for the appellant (plaintiff).

*James V. Somers,* with whom was *N. Kane Bennett,* for the appellees (defendants).

PETERS, J. General Statutes § 52-584[1] is the statute of limitations that governs negligence actions arising out of injury to person or property. It bars tort actions once two years have elapsed between the time when "the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ." To apply the statute in any particular case, we must determine the time when an injured person has suffered an actionable harm. *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 26–27, 727 A.2d 204 (1999). In this case, we must determine when the statute begins for an injured claimant who immediately knows the fact of his injury, but only later discovers the identity of the tortfeasor who caused his injury. This determination raises a question of first impression. The trial court concluded that the claimant suffered actionable harm on the date of his actual injury and, accordingly, held that his claim for relief was barred by the statute of limitations. We disagree and reverse the judgment of the trial court.

The plaintiff, Joseph Tarnowsky, filed a complaint alleging that, on March 14, 1997, he slipped and fell on an accumulation of snow and ice while walking on property owned by People's Bank in the Noroton Heights section of Darien. The plaintiff alleged that, as a result, he had suffered a variety of physical and psychological injuries as well as a loss of earning capacity.

The plaintiff originally sued the property owner, People's Bank, and the tenant, Jana, LLC, within two years

[1] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

of the date of his injury. Those lawsuits are not before us in this appeal. Thereafter, the plaintiff learned, through discovery, that the defendant Peter Socci had been hired to remove snow and ice from the premises where the plaintiff allegedly suffered his injury. On March 10, 2000, almost three years after the date of the plaintiff's injury, he commenced the present action against the defendant.[2]

The plaintiff's amended complaint, insofar as it was addressed to the defendant, contained two counts. The significant count for this appeal is the plaintiff's allegation that the defendant negligently had failed to keep the area where the plaintiff fell free of snow and ice. The defendant moved for summary judgment on the ground that the plaintiff's action was time barred by § 52-584 because it had not been brought within two years of the plaintiff's slip and fall.

The trial court, *Hon. William B. Lewis*, judge trial referee, granted the defendant's motion. The court concluded that the plaintiff had suffered actionable harm on the date of his fall, despite not knowing, or having reason to know, the identity of the defendant.

---

[2] On August 23, 2000, the defendant filed an apportionment complaint against People's Bank, Jana, LLC, and Leggat McCall Properties Management of Connecticut, Inc. (Leggat). The apportionment complaint is not before us in this appeal. We refer in this opinion to Peter Socci as the defendant.

On November 3, 2000, the plaintiff amended his complaint to include two counts alleging tortious misconduct by Leggat. In response, Leggat filed a motion for summary judgment on the ground that the plaintiff's action was barred by General Statutes § 52-584. Although the trial court, *Hon. Frank H. D'Andrea*, judge trial referee, initially granted Leggat's motion, it denied the motion after reargument because "[t]here existed a genuine issue of fact as to when the plaintiff discovered, or should reasonably have discovered the existence of the defendant, Peter Socci, as a viable defendant against whom a suit for actionable harm could be brought." The court's denial of summary judgment is presumably the reason why this appeal does not challenge the judgment rendered by Judge D'Andrea.

The plaintiff appeals from the trial court's judgment as to count one of his amended complaint.[3] "The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citation omitted; internal quotation marks omitted.) *Gold* v. *Greenwich Hospital Assn.*, 262 Conn. 248, 253, 811 A.2d 1266 (2002). "Summary judgment may be granted where the claim is barred by the statute of limitations." *Doty* v. *Mucci*, 238 Conn. 800, 806, 679 A.2d 945 (1996).

The plaintiff claims that his action was not barred by § 52-584 because the time to bring his tort action did not begin to run, as a matter of law, until he discovered, or should have discovered, that he had suffered actionable harm. Actionable harm, the plaintiff maintains, requires notice of the identity of the specific tortfeasor.

---

[3] The plaintiff does not contest the court's judgment with respect to count two of the amended complaint. In that count, the plaintiff had alleged that he was a third party beneficiary of a service contract between the defendant and People's Bank.

Significantly, at this juncture, the defendant has not argued that the plaintiff was on notice of the defendant's identity at any time earlier than that alleged in the plaintiff's complaint. There is, therefore, no dispute as to that question.

The merits of the plaintiff's claim are not resolved by § 52-584. The statute provides in relevant part that no action for personal injury "shall be brought but within two years from the date when the injury is first *sustained or discovered* or in the exercise of reasonable care should have been discovered . . . ." (Emphasis added.) The statute does not purport to define the term "injury." It is nonetheless noteworthy that the statute recognizes the significance of discovery of an injury as well as the occurrence of an injury.

Our Supreme Court has defined "injury" in § 52-584 to be an event that occurs when the plaintiff suffers actionable harm. *Rivera* v. *Double A Transportation, Inc.*, supra, 248 Conn. 26–27. In determining when a plaintiff has suffered actionable harm, a court must focus "on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." (Internal quotation marks omitted.) *Lambert* v. *Stovell*, 205 Conn. 1, 6, 529 A.2d 710 (1987). "A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence. . . . They are therefore necessary ingredients for actionable harm." (Citations omitted; internal quotation marks omitted.) *Catz* v. *Rubenstein*, 201 Conn. 39, 44, 513 A.2d 98 (1986).

We know of no Connecticut case, and the parties have cited none, that applies these standards to a case of late discovery of the identity of a tortfeasor.[4] Our

[4] Many jurisdictions have held that a cause of action does not accrue until the plaintiff discovered or should have discovered the identity of the specific tortfeasor. See, e.g., *Lawhon* v. *L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 183, 765 P.2d 1003 (App. 1988) (tort actions); *Pennwalt Corp.* v. *Nasios,*

trial courts are divided.[5] Indeed, in this very case, the trial courts, *Hon. William B. Lewis* and *Hon. Frank H. D'Andrea*, judge trial referees, were divided. Se footnote 2.

The parties' appellate arguments center on whether *Catz* provides useful guidance for resolution of the identity problem in this case. Concededly, *Catz* is distinguishable on its facts. Its reasoning, nonetheless, may be illuminating.

---

314 Md. 433, 453, 550 A.2d 1155 (1988) (product liability); *Siragusa v. Brown*, 114 Nev. 1384, 1393–94, 971 P.2d 801 (1998) (tort actions); *Raymond v. Eli Lilly & Co.*, 117 N.H. 164, 170–71, 371 A.2d 170 (1977) (product liability); *O'Keeffe v. Snyder*, 83 N.J. 478, 493, 416 A.2d 862 (1980) (replevin action); *Norgard v. Brush Wellman, Inc.*, 95 Ohio St. 3d 165, 168–69, 766 N.E.2d 977 (2002) (employer intentional tort and other claims); *Gaston v. Parsons*, 318 Or. 247, 255–56, 864 P.2d 1319 (1994) (tort actions); *Anthony v. Abbott Laboratories*, 490 A.2d 43, 46 (R.I. 1985) (product liability); *Wyatt v. A-Best Co.*, 910 S.W.2d 851, 854–55 (Tenn. 1995) (tort actions); *Aragon v. Clover Club Foods Co.*, 857 P.2d 250, 253 (Utah App. 1993) (product liability); *Orear v. International Paint Co.*, 59 Wash. App. 249, 255–56, 796 P.2d 759 (product liability), review denied, 116 Wash. 2d 1024, 812 P.2d 103 (1990); *Thompson v. Branches-Domestic Violence Shelter of Huntington, West Virginia, Inc.*, 207 W. Va. 479, 485–86, 534 S.E.2d 33 (tort actions), cert. denied, 531 U.S. 1055, 121 S. Ct. 663, 148 L. Ed. 2d 565 (2000); *Sawyer v. Midelfort*, 227 Wis. 2d 124, 155–56, 595 N.W.2d 423 (1999); *Spitler v. Dean*, 148 Wis. 2d 630, 631–32, 436 N.W.2d 308 (1989) (tort actions).

Other jurisdictions have declined to extend the accrual of a cause of action to the date when the plaintiff discovered or should have discovered the identity of the defendant. See, e.g., *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 399, 981 P.2d 79, 87 Cal. Rptr. 2d 453 (1999); *Russell v. Attco, Inc.*, 82 Haw. 461, 463–65, 923 P.2d 403 (1996); *Wells v. Travis*, 284 Ill. App. 3d 282, 286, 672 N.E.2d 789 (1996); *Krasnow v. Allen*, 29 Mass. App. 562, 569–70, 562 N.E.2d 1375 (1990), cert. denied, 409 Mass. 1102, 566 N.E.2d 1131 (1991); *Smith v. Sinai Hospital of Detroit*, 152 Mich. App. 716, 726, 394 N.W.2d 82 (1986); *Staiano v. Johns Manville Corp.*, 304 Pa. Super. 280, 287–88, 450 A.2d 681 (1982) (product liability); *Mellon Service Co. v. Touche Ross & Co.*, 17 S.W.3d 432 (Tex. Civ. App. 2000); *Nowotny v. L & B Contract Industries, Inc.*, 933 P.2d 452, 457–58 (Wyo. 1997).

[5] The parties acknowledge an existing split of authority among Superior Court decisions regarding the "actionable harm test" and whether it includes the identity of the tortfeasor. In *Barron v. Benton Auto Body, Inc.*, Superior Court, judicial district of Hartford, Docket No. 573293 (December 21, 2000) (*Rubinow, J.*), the court held that General Statutes § 52-584 is tolled until the

*Catz* involved a medical malpractice action in which the plaintiff immediately knew of her injury and the identity of her physician. The plaintiff, however, learned only later, more than two years after the date of her injury, that there was a causal connection between her injury and the wrongful conduct of her physician. Id., 40–42. The Supreme Court held that the plaintiff suffered actionable harm when she discovered this connection. Id., 44. In reaching its conclusion, the court emphasized the principle that causation is an essential element of a negligence action.

The defendant does not take issue with *Catz* or the interpretation of that case in *Ives* v. *NMTC, Inc.*, 46 Conn. Sup. 235, 746 A.2d 236 (1999). He argues, nonetheless, that the *Ives* discussion of causation and actionable harm should govern this case. We disagree.

*Ives* concerned the applicability of the three year provision of the statute of limitations contained in General Statutes § 52-577a,[6] a limitations provision of the Product Liability Act, General Statutes § 52-572m et seq. The issue in *Ives* was whether the running of that statute was tolled until the time when a claimant learned of his tortfeasor's identity. *Ives* v. *NMTC, Inc.*, supra, 46 Conn. Sup. 236. The issue arose because, as in this case, the injured claimant initiated suit against the defendant more than the prescribed number of years after the date of his injuries. Id., 238. His argument, as in this case, was that he had been unable to ascertain the identity of the tortfeasor within the statutorily prescribed time frame. The court concluded that the test

plaintiff discovers the tortfeasor's identity. Id. The court did not, however, provide an explanation of actionable harm.

[6] General Statutes § 52-577a (a) provides in relevant part: "No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

articulated in *Catz* did not support the claimant's argument because, in its view, discovery of a tortfeasor's identity was not an essential element of actionable harm. Id., 246–47. Accordingly, the court rendered judgment for the alleged tortfeasor. Id.

We are not persuaded that we should follow *Ives* under the circumstances of this case. The Superior Court's conclusion in *Ives* cannot be reconciled with our reasoning in *Peerless Ins. Co.* v. *Tucciarone*, 48 Conn. App. 160, 708 A.2d 611 (1998).

*Peerless Ins. Co.* arose in the context of a fire on commercial property. Id., 162. A group of tenants and their insurance carriers brought an action for negligence and nuisance against the owners of the property. Id. The owners thereafter filed an action against a third party that allegedly had engaged in conduct violating the Product Liability Act. Id. The third party moved for summary judgment on a number of grounds, including a claim that the owners' action was barred by virtue of § 52-577a because the owners had raised their claims more than three years after the occurrence of the fire.[7] Id., 163.

This court agreed with the judgment of the trial court in favor of the third parties. We did so because the record established that the owners, early on, had access to the report of a fire marshal identifying the cause of the fire and the identity of the manufacturer of the inflammatory material. Id., 167. We held, therefore, that the plaintiff, exercising due diligence, could have discovered the identity of the third party at an earlier time. Id. The owners' action, therefore, was untimely because it was initiated more than three years after the report was issued. Id.

It is important to note the issues of law that we addressed and did not address in *Peerless Ins. Co.* We

---

[7] The tenants' claims against the owners were consolidated for trial.

declined to decide whether the "actionable harm test" that governs under § 52-584 also applies to cases governed by § 52-577a. We implicitly decided, however, that actual or constructive knowledge of the identity of a tortfeasor is an essential element of a claimant's action for damages for negligently inflicted injuries. Otherwise, there would have been no point to our emphasis on the significance of the report of the fire marshal.

There is no relevant distinction, except for a difference in the stated limitation periods, between the discovery language contained in §§ 52-577a and 52-284. We conclude therefore that, under both sections, a claimant is not time barred until he knows, or should have known, the identity of the negligent person who caused his injury to occur. *Peerless Ins. Co.* establishes the identity principle and *Catz* establishes the causation principle. The defendant has not shown that he was entitled to summary judgment on his statute of limitations claim.

It bears noting that our holding does not put the defendant in infinite jeopardy of stale claims. The plaintiff's complaint was filed within the alternate three year time requirement also contained in § 52-584.[8] The "actionable harm test" applies only to "causes of action not barred by the repose portion of § 52-584 which bars suit brought more than three years from [the date of] the act or omission complained of." (Internal quotation marks omitted.) *Catz* v. *Rubenstein*, supra, 201 Conn. 50. Because the plaintiff served the defendant within three years of the date when the injury occurred, his complaint complied with the three year requirement.

The result that we reach in this case is entirely consistent with the policy of allowing just claims to be vindicated in the courts of this state. It is not just to require

---

[8] See footnote 1.

a claimant to forfeit a cause of action because of his failure to bring a timely lawsuit against an as yet undetermined tortfeasor. Real life injury claims should not be governed by fictitious legal constructs. We are not prepared to require an injured claimant to abide by a timetable that imputes to him the knowledge of a relationship of which he did not know and had no reason to know. The plaintiff is entitled to his day in court for a factual determination of what he should have known and when he should have known it.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.