HEATHER LINDSAY *v.* RICHARDE PIERRE
(AC 25835)

DiPentima, Gruendel and Dupont, Js.

Argued April 20—officially released August 9, 2005

*Robert W. Finke,* for the appellant (plaintiff).

*Joshua A. Yahwak,* for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Heather Lindsay, appeals from the summary judgment rendered by the trial court in favor of the defendant, Richarde Pierre. The plaintiff claims that the court improperly concluded that the two year statute of limitations in General Statutes § 52-584 barred her negligence action. We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. On May 5, 2001, the plaintiff was involved in a motor vehicle accident with the defendant. At the scene of the accident, the plaintiff declined medical attention. That day, she experienced bruising and tenderness in both of her breasts from the seat belt she was wearing. The bruising and tenderness lasted for approximately three weeks.

When the plaintiff returned home following the accident, she also suffered from a headache that she attributed to the accident and nerves. The plaintiff took Advil for the pain and lay down to rest. When the plaintiff awoke a few hours later, she had a stiff neck and back pain. The plaintiff's pain was ongoing, and she again took Advil to alleviate it.

Around June 20, 2001, the plaintiff noticed tingling in her neck, arms and hands and pain in her breast, which led her to seek medical attention. The plaintiff first met with Ajay Ahuja, her physician, on June 22, 2001. On July 2, 2001, the plaintiff received the results of a magnetic resonance imaging scan that revealed bulging cervical discs, which were attributed to the

accident. At some point on or after July 2, 2001, the plaintiff also noticed that one of her breasts was decreasing in size, and that she was experiencing pain and tingling in that area.

On June 18, 2003, the plaintiff commenced this action, alleging that the defendant negligently caused her injury.[1] In her complaint, the plaintiff alleged that she sustained injuries including a cervical sprain or strain, a lumbar strain or sprain, trauma to her cervical spine, trauma to the lumbar region of the spine, neck pain, lower back pain, reduced mobility, head pain and a ruptured breast implant.

On August 12, 2003, the defendant filed an answer and special defense, alleging that the plaintiff's claim was barred by the two year statute of limitations in § 52-584. The defendant filed a motion for summary judgment on July 13, 2004, raising the same statute of limitations argument. The plaintiff opposed the motion for summary judgment. The court granted the motion and rendered judgment in favor of the defendant on August 31, 2004. This appeal followed.

The plaintiff claims that the court improperly granted the defendant's motion for summary judgment. The parties contest when the plaintiff became aware, or reasonably should have been aware, of her injuries so as to commence the limitations period. The plaintiff argues that the limitations period did not begin to run until the date she discovered that her injuries were caused by the accident, namely, June 22, 2001, when she saw her physician. The defendant claims that the statute of limitations period began to run on May 5, 2001, when the

---

[1] The complaint, dated June 12, 2003, was served on the defendant on June 18, 2003, and was filed with the court on June 26, 2003. "It has long been the law in this state that an action is deemed to be commenced on the date service is made on the defendant." *Stingone* v. *Elephant's Trunk Flea Market,* 53 Conn. App. 725, 729, 732 A.2d 200 (1999).

plaintiff noticed bruising, tenderness and pain following the accident.

We begin by setting forth the standard of review of a court's granting of a motion for summary judgment. "The standard of review of decisions granting motions for summary judgment is well settled. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"[A]s a general rule, summary judgment may be rendered where the claim is barred by the statute of limitations. . . . Because the matter of whether a party's claim is barred by the statute of limitations is a question of law, we review the [plaintiff's claim] de novo. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citation omitted; internal quotation marks omitted.) *Lind-Larsen* v. *Fleet National Bank of Connecticut*, 84 Conn. App. 1, 8–9, 852 A.2d 799, cert. denied, 271 Conn. 940, 861 A.2d 514 (2004).

Section 52-584 requires that an action for injury to a person caused by negligence be commenced within "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."[2]

---

[2] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be

"In the context of applying § 52-584 to decide whether a particular action was commenced in a timely fashion, we have stated that an injury occurs when a party suffers some form of actionable harm." (Internal quotation marks omitted.) *Mountaindale Condominium Assn., Inc.* v. *Zappone*, 59 Conn. App. 311, 323, 757 A.2d 608, cert. denied, 254 Conn. 947, 762 A.2d 903 (2000). "Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care, should have discovered the essential elements of a cause of action. . . . A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence; they are therefore necessary ingredients for actionable harm. . . . Furthermore, actionable harm may occur when the plaintiff has knowledge of facts that would put a reasonable person on notice of the nature and extent of an injury, and that the injury was caused by the negligent conduct of another." (Citations omitted; internal quotation marks omitted.) *Lagassey* v. *State*, 268 Conn. 723, 748–49, 846 A.2d 831 (2004).[3]

The undisputed facts before the court indicate that the plaintiff discovered that she suffered injuries as a

brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[3] The plaintiff cites *Tarnowsky* v. *Socci*, 271 Conn. 284, 856 A.2d 408 (2004), to support her argument that she was not aware of an essential element of her claim. The reasoning in *Tarnowsky*, however, is not instructive to the matter presently before this court. "[T]he rule [adopted in *Tarnowsky*] applies only when the plaintiff did not know, and reasonably could not have known, the identity of the tortfeasor. We trust that such cases are the exception, not the general rule." Id., 295. The plaintiff had knowledge of the tortfeasor, and her delay in seeking medical attention for injuries discovered at the time of the accident is not akin to the "blameless failure to discover the existence of the unknown [tortfeasor] . . . ." Id., 292.

result of the alleged negligence of the defendant on the date of the accident.[4] The plaintiff had a headache on returning home from the accident and self-medicated for the pain, which is sufficient evidence of her knowledge of the alleged "head injury" caused by the accident on May 5, 2001. "[T]he accrual of the cause of action is a singular moment in time. Allowing that point in time to be pushed forward as long as it is claimed that the negligent conduct continued would eviscerate the policies underlying the statute of limitations." *Rosato* v. *Mascardo*, 82 Conn. App. 396, 405, 844 A.2d 893 (2004). Allowing the plaintiff to push that point in time forward as long as she chose not to seek medical attention for the injuries she discovered would have a similar effect. Accordingly, the statute of limitations began to run when the plaintiff discovered her injuries on the date of the accident.

The fact that the plaintiff's injuries increased in severity following the accident does not delay commencement of the statute of limitations period. "The harm need not have reached its fullest manifestation before the statute begins to run." *Burns* v. *Hartford Hospital*, 192 Conn. 451, 460, 472 A.2d 1257 (1984); see also *Tarnowsky* v. *Socci*, 271 Conn. 284, 288, 856 A.2d 408 (2004). Although her neck and back pain worsened in the month following the accident, leading her to seek medical attention, the plaintiff was aware of her injuries when she experienced neck and back pain on the date of the accident. Similarly, although the plaintiff may have discovered additional injury to her breasts following the accident, she was aware of harm to her breasts at the time of the accident when she experienced bruising and tenderness from the seat belt.

---

[4] The plaintiff gave reasons to deny knowledge of the connection between the accident and ailments she felt that day. The plaintiff, however, does not dispute knowledge of the underlying facts that form the basis of this opinion.

We determine that the court's legal conclusion that summary judgment was appropriate because the plaintiff's claim is barred by the statute of limitations in § 52-584 was legally and logically correct and was supported by the facts set forth in the memorandum of decision.

The judgment is affirmed.

In this opinion the other judges concurred.