BRENDA JACKSON *v.* NARENDRA TOHAN
(AC 29459)

Bishop, Robinson and West, Js.

Argued February 3—officially released April 21, 2009

*Daniel Jonah Krisch*, with whom were *Karen L. Dowd* and, on the brief, *Vincent M. DeAngelo* and *Alexandra M. Greene*, legal intern, for the appellant (plaintiff).

*Michael D. Neubert*, with whom, on the brief, was *Maureen Sullivan Dinnan*, for the appellee (defendant).

*Opinion*

BISHOP, J. The plaintiff, Brenda Jackson, appeals from the summary judgment rendered by the trial court in favor of the defendant, Narendra Tohan, on the ground that the plaintiff's claims were not timely filed within the two year statute of limitations under General Statutes § 52-584.[1] On appeal, the plaintiff claims that the court improperly decided the factual issue concerning when she had actual or constructive knowledge that she had sustained actionable harm. We agree and, accordingly, reverse the judgment of the trial court.

The record reveals the following facts and procedural history. On October 24, 2003, the plaintiff underwent an exploratory laparotomy, lysis of adhesions, excision of a right ovarian cyst and partial right oophorectomy at New Britain General Hospital. The surgery was performed by Leena Shah, a gynecologist. The defendant, also a gynecologist, assisted Shah in the surgery.

Soon after the surgery, the plaintiff began to experience severe pain and other symptoms inconsistent with a successful surgery. Within a few days of the operation, the plaintiff was informed by another physician that an exploratory laparotomy was necessary because of a

---

[1] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

suspicion that her bowel had been cut during the surgery. The plaintiff underwent this second procedure on October 29, 2003, during which the physicians discovered that the plaintiff's bowel had in fact been injured during the earlier surgery. The plaintiff underwent an emergency third surgery on October 30, 2003.

The plaintiff remained in the intensive care unit of New Britain General Hospital until late November, 2003. The plaintiff testified that by November, she knew that something "had been done wrong" during her first surgery. Additionally, the plaintiff had been told by the physicians who repaired her bowel that whoever performed the first surgery had "messed up." During the period of time between November, 2003, and February, 2004, the plaintiff was transferred back and forth between New Britain General Hospital and the Hospital for Special Care in New Britain and was heavily medicated. Although the plaintiff's boyfriend told her that she had met with an attorney in November, 2003, the plaintiff did not recall doing so until February, 2004.

In February, 2004, the plaintiff retained counsel. After obtaining her medical records, she commenced two separate medical malpractice actions, the first, on May 13, 2005, against Shah, and the second, on January 25, 2006, against the defendant. The defendant filed a special defense alleging that the plaintiff's complaint was barred by § 52-584 because it was not filed within two years of the date of the injury.[2] The defendant thereafter moved for summary judgment on that basis, which the court granted by way of a memorandum of decision filed October 19, 2007. The court found that because the plaintiff knew by November, 2003, at the latest, that someone had "messed up" during her initial surgery, she knew, as a matter of law, that she had suffered actionable harm at that time. The court concluded that

---

[2] The plaintiff's case against Shah has been settled.

"[t]here is no material disputed issue of fact concerning the time frame within which the plaintiff first had knowledge that served to put her on notice that her surgeons may have injured her due to their negligence." The plaintiff then filed a motion to reargue, contending that she did not know, nor could she reasonably have known, of the defendant's participation in her surgery until she obtained her medical records in February, 2004. The court denied the plaintiff's motion, and this appeal followed.

As a preliminary matter, we set forth "the well settled standard of review for reviewing a trial court's decision to grant a motion for summary judgment. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Bednarz* v. *Eye Physicians of Central Connecticut, P.C.*, 287 Conn. 158, 168–69, 947 A.2d 291 (2008).

We next review the law governing the statute of limitations on actions alleging health care malpractice. Section 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care

should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." In this case, because there is no question that the plaintiff brought this action within three years of the date of the initial surgery, our focus is on whether she brought this action within two years from the date when she first sustained or discovered her injury or, in the exercise of reasonable care, should have discovered her injury.

"[T]he term injury is synonymous with legal injury or actionable harm. Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care, should have discovered the essential elements of a cause of action. . . . A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence; they are therefore necessary ingredients for actionable harm. . . . Furthermore, actionable harm may occur when the plaintiff has knowledge of facts that would put a reasonable person on notice of the nature and extent of an injury, and that the injury was caused by the negligent conduct of another. . . . In this regard, the harm complained of need not have reached its fullest manifestation in order for the limitation period to begin to run; a party need only have suffered some form of actionable harm. . . . Finally, the determination of when a plaintiff in the exercise of reasonable care should have discovered actionable harm is ordinarily a question reserved for the trier of fact." (Citations omitted; internal quotation marks omitted.) *Lagassey* v. *State*, 268 Conn. 723, 748–49, 846 A.2d 831 (2004).

The plaintiff claims that the court improperly equated her knowledge that "something" had gone wrong during her first surgery with knowledge of actionable harm. The plaintiff also claims that the identity of a potential tortfeasor is an essential element of actionable harm,

and, as such, the two year limitations period does not begin to run until a plaintiff has actual or constructive knowledge of that identity. It is undisputed that the plaintiff was told, almost immediately after her surgery, that something had gone wrong during that surgery and that she needed another surgery to repair the resulting problem. The plaintiff was also told in November, 2003, that the physicians who had performed her initial surgery had "messed up." On this basis, the plaintiff knew or should have known, by no later than November, 2003, that she had sustained an injury as a result of the actions of her health care providers.

Although the plaintiff was aware of the breach of a duty and resulting harm by November, 2003, she claims that she did not know, nor could she reasonably have known, of the defendant's involvement in her surgery at that time. Our Supreme Court has stated that "the two year statute of limitations set forth in § 52-584 does not begin to run until a plaintiff knows, or reasonably should have known, the identity of the tortfeasor." *Tarnowsky* v. *Socci*, 271 Conn. 284, 297, 856 A.2d 408 (2004). Although *Tarnowsky* involved a slip and fall on an icy sidewalk, and was not a medical malpractice case, the Supreme Court did not, in deciding *Tarnowsky*, distinguish amongst the various causes of action covered by § 52-584. The defendant also does not contend that such a distinction is warranted. The defendant argues, however, that *Tarnowsky* does not apply in this case because although the plaintiff may not actually have known the defendant's identity until February, 2004, she reasonably should have.

The defendant's argument is based on the fact that the defendant is clearly listed as the assisting surgeon on the operative report, which was transcribed and available to the plaintiff as early as October 29, 2003, and, therefore, the plaintiff should have known, through the exercise of reasonable care, that the defendant

assisted in her surgery. In this regard, the defendant relies heavily on *Peerless Ins. Co.* v. *Tucciarone*, 48 Conn. App. 160, 708 A.2d 611 (1998). In *Peerless Ins. Co.*, the tenants of a commercial property and their insurance carriers brought an action against the defendant commercial property owners, who impleaded and brought a product liability claim against the manufacturer of a defective lighting product that had caused a fire on the property. Id., 162. The manufacturer claimed that the action was barred by General Statutes § 52-577a because the owners had raised their claims more than three years after the occurrence of the fire.[3] The trial court agreed and rendered summary judgment in favor of the manufacturer. *Peerless Ins. Co.* v. *Tucciarone*, supra, 163. This court affirmed the judgment of the trial court on the ground that the record established that the owners reasonably could have discovered the cause of the fire and the identity of the manufacturer before the expiration of the statute of limitations because the fire marshal's report, issued soon after the fire, contained that information. Id., 167.

We believe that the present case is distinguishable from *Peerless Ins. Co.* Here, the plaintiff testified at her deposition, without contradiction, that she was not informed that the defendant would be assisting in her surgery and that she did not receive any care from the defendant after her surgery. Although the plaintiff testified that she assumed that there would be other medical professionals in the operating room assisting Shah, she stated that she did not know of the defendant's involvement. Although the operative report was available to the plaintiff soon after her initial surgery, she was continuously hospitalized and heavily medicated as a consequence of the failed surgery and

[3] "There is no relevant distinction, except for a difference in the stated limitation periods, between the discovery language contained in [General Statutes] §§ 52-577a and [52-584]." *Tarnowsky* v. *Socci*, 75 Conn. App. 560, 569, 816 A.2d 728 (2003), aff'd, 271 Conn. 284, 856 A.2d 408 (2004).

resulting procedures until February, 2004. The plaintiff contends that her incapacitation during that period of time prevented her from reasonably discovering the defendant's involvement in her treatment.

The sole inquiry, in this context, is whether, in light of all relevant circumstances, the plaintiff exercised reasonable care in the discovery of her injury. See *Taylor* v. *Winsted Memorial Hospital*, 262 Conn. 797, 805, 817 A.2d 619 (2003). The question of whether the plaintiff reasonably should have obtained that report, or otherwise ascertained the identity of the defendant, prior to February, 2004, in light of her incapacitation for the period of time between her initial surgery and February, 2004, is a question of fact that is not properly decided on summary judgment. This court concluded in *Tarnowsky* that "[t]he plaintiff is entitled to his day in court for a factual determination of what he should have known and when he should have known it." *Tarnowsky* v. *Socci*, 75 Conn. App. 560, 570, 816 A.2d 728 (2003), aff'd, 271 Conn. 284, 856 A.2d 408 (2004). We reach the same conclusion. The plaintiff in this case is also entitled to her day in court.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.